THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------X

ALFONSO ELIAS
4202 New Hampshire Avenue, N.W.
Washington, DC 20011  :

                                    CA_____

ELMER CHICAS
3107 Dawson Avenue
Wheaton, MD 20902  :

JUAN A. SANCHEZ
6034 67th Place
Riverdale, MD 20737  :

JOSE PALACIOS
5605 Kennedy Street, N.W. #303  :  **JURY DEMAND**
Washington, D.C. 20011

ELENILSON AYALA
9108 Turtle Dove Lane
Gaithersburg, MD 20879  :

IBAN A. DUBON
5729 29th Avenue, #303
Hyattsville, MD 20782  :

DAVID ESCOBAR
640 Morton Street, N.W.
Washington, DC 20010  :

DAVID C. STAFFORD
5412 Kenilworth Terrace, #3
Riverdale, MD 20737  :

OSMAN MEDRANO
8734 Wild Prairie Rose Way
Lorton, VA 22079  :

ANA M. PENA
2315 Blueridge Avenue, #214
Wheaton, MD 20902  :

JOSE L. DIAZ
3620 16th Street, N.W.
Washington, DC 20010  :

    and  :

JONATHAN MEDRANO
8734 Wild Prairie Rose Way
Lorton, VA 22079  :

              Plaintiffs,  :

    v.  :

ONE STOP SERVICES/HKI, Inc.  :
5401 Bandera Road
San Antonio, TX 78238

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
ILVER SPRING, MD 20910

(301) 608-3000

**Serve: Jim Flores,**
   **President**
   **5401 Bandera Road**
   **San Antonio, TX 78238-1902**

   **Defendant**

# COMPLAINT

**COME NOW PLAINTIFFS**, maintenance workers employed in the District of Columbia by Defendant, One Stop Services/HKI, Inc.(hereinafter 'One Stop' by and through their undersigned counsel, and for their complaint state as follows:

## JURISDICTION

1. Plaintiffs bring this action on behalf of themselves and others similarly-situated to recover from Defendant One Stop for unpaid work and for unpaid overtime compensation and an additional equal amount as liquidated damages, costs and attorneys fees pursuant to Section 16(b) of the Federal Fair Labor Standards Act (hereinafter "FLSA") of 1938, Title 29, United States Code, Section 216(b) and the D.C. Code §32-1001 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), and 28 U.S.C. §1331, and by D.C. Code §32-1001 et seq and §32-1301 et seq.

## THE PARTIES

3. The Defendant, One Stop, is a private maintenance business which provides services to Walter Reed Army Medical Center in the District of Columbia and is subject to the provisions of the FLSA.

4. The plaintiffs are hourly-paid maintenance/cleaning personnel employed by the Defendant and whom provide their services at the Walter Reed Hospital in the District of Columbia where One Stop has a contract to do maintenance and cleaning. Plaintiffs are not Federal or State employees nor are they exempt employees under either act.

## I. FAILURE TO PAY OVERTIME (FLSA and DC Code)

5. Plaintiffs respectfully file with this Court an "opt-in" or "consent to sue" certificate consistent with a collective action as set forth in the Federal Fair Labor Standards Act, as amended by the Portal to Portal Pay Amendment of 1947, and the DC Code §32-1012(b) and §32-1308 requiring that each member of the class affirmatively "opt-in" to the lawsuit. This is not a class

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
ILVER SPRING, MD 20910

(301) 608-3000

action.

6. Plaintiffs either are or have been employed with the Defendant and now bring this suit, in part, upon Defendant's on-going failure to pay hourly wages for working time; Defendant's failure to pay overtime; and Defendant's failure to timely pay wages. The above actions are brought per the FLSA and the DC Code §32-1001 et seq and §32-1301 et seq.

7. Defendant One Stop is in violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) since starting its contract at Walter Reed Hospital in 2008 by refusing to pay their Plaintiff employees for overtime, while requiring them to work past 40 hours a week and not paying overtime. This also violates DC Code §3232-1001, et seq.

8. At all times relevant hereto, Defendant One Stop was/is an employer within the definition of that term as set forth in the FLSA[1] and the applicable DC Code provisions.

9. At all times relevant hereto, Plaintiffs were/are employees within the definition of that term as set forth in the FLSA and the applicable DC Code provisions.

10. At all times relevant to this proceeding, Plaintiffs have been employed by the Defendant as maintenance and cleaning personnel throughout the Walter Reed Hospital facility and adjoining properties which is located in the District of Columbia.

11. As part of the requirements by Defendant One Stop, Plaintiffs are frequently required to be at work for over 40 hours per week and are not paid at the required overtime rate when they past the 40-hour mark in any given week. The Plaintiffs are, instead, paid at only their straight hourly rate of pay.

12. Plaintiffs often work past 40 hours of work and are not paid overtime, without compensation, in violation of FLSA, 29 U.S.C. §207(a)(2) and DC Code §32-1001 et seq.

13. During the period covered by said employment, Plaintiffs have performed work and/or work at an overtime rate for which no additional compensation was paid to them by the defendant, One Stop as is required by the DC Code and/or the FLSA.

14. During the period covered by said employment, Plaintiffs have been compensated by Defendant for their services at an hourly rate of between approximately $10 and $15 per hour.

15. Under the provisions of the FLSA and the DC Code there is money due and owing from

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
ILVER SPRING, MD 20910

(301) 608-3000

---

[1] 29 U.S.C. §203(s)(5) 1986.

3

Defendant to Plaintiffs as compensation for work, at their regular hourly rate and/or at an overtime rate; plus an additional equal amount as liquidated damages and their costs and attorneys fees are required to be paid by Defendant. Such work is not <u>de minimis</u>.

16. The actions of Defendant in failing to provide additional compensation for the work performed by these Plaintiffs and others similarly situated are willful and without legal justification.

17. The actions of the Defendant in failing to provide additional compensation for overtime work performed by Plaintiffs, and others similarly situated, has continued and is continuing to this date.

## II. FAILURE TO PAY FOR WORK PERFORMED (FLSA and DC Code)

18. Plaintiffs incorporate paragraphs 1-17 above as stated herein.

19. Defendant is also in violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) and the DC Code §32-1001 <u>et seq</u> by refusing and/or failing to pay their Plaintiff employees for their scheduled work when the employee simply neglects to sign a daily work sheet despite performing their working duties and/or the Defendant loses/misplaces the paperwork, resulting often in what amounts to an additional amount of unpaid overtime as required by the FLSA and DC Code over and above to the regular amount of hourly pay required to be paid under the DC Code which defines "working time" in §32-1002. Despite Defendant knowing or should have known Plaintiffs worked, the Plaintiffs must be compensated for this working time under the Code either at an overtime rate or at their regular hourly rate and yet they are not being paid at all by Defendant for these times due to lost, misplaced or unsigned daily work sheets. Unsigned daily worksheets do not exempt the employer for paying for working duties when the employer knew or should have known Plaintiff was performing working duties on their behalf nor is an employer's misplacing or losing them. The failure to compensate for the work performed is brought pursuant to the DC Code while the failure to pay the resulting overtime in bought under the FLSA and DC Code.

20. Defendant places Plaintiffs on work schedules and then if they fail to sign their work sheet or the worksheet is lost or misplaced, even after doing the work and even if the shift supervisor confirms the working times, Defendant does not pay Plaintiffs for work performed in violation of

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
LVER SPRING, MD 20910

(301) 608-3000

the DC Code. Often these uncredited hours would have pushed the Plaintiff into an overtime status and Defendant's failure to pay this working time also is in violation of the overtime provisions of the FLSA and the Dc Code.

21. The work conducted by the Plaintiffs is not legally de minimis.

22. Plaintiffs' are owed unpaid overtime each week, in addition to uncompensated time for unsigned, lost or misplaced worksheets, for which no compensation is received in violation of FLSA, 29 U.S.C. §207(a)(2) et al. and the DC Code §32-1001 et seq.

23. During the period covered by said employment, Plaintiffs have performed this work and this overtime work for which no additional compensation was paid to them by the Defendant, One Stop.

24. Under the provisions of the FLSA, as provided in 29 U.S.C. §§207 and 216, and the DC Code §32-1001 et seq., there is money due and owing from One Stop to Plaintiffs as compensation for overtime work for three years preceding this amended complaint; plus an additional equal amount as liquidated damages in addition to costs and attorneys fees.

25. The actions of One Stop in failing to provide compensation to the Plaintiffs and others similarly situated for their work because of unsigned, lost or misplaced worksheets and to pay at the additional overtime rate for that work when it pushes the Plaintiff employee past the 40-hour mark for that workweek are willful and without legal justification.

26. The actions of the Defendant in failing to provide compensation for the time worked and the additional compensation for overtime work performed by Plaintiffs, and others similarly situated, has continued and is continuing to this date despite Plaintiff protests to Defendant about their illegal practice.

III. Failure to Promptly Pay Wages Upon Discharge or Resignation

27. Plaintiffs incorporate paragraphs 1-26 above as stated herein.

28. Plaintiffs also bring this action for the failure by defendant to promptly pay wages earned due to unsigned, misplaced, or lost worksheets and also upon discharge or resignation per DC Code §32-1301 et seq.

29. Plaintiffs and Defendant are employees/employer as defined in the Code and Plaintiffs earn wages and are not exempt/excluded employees under the Code.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
LVER SPRING, MD 20910

(301) 608-3000

30. Whenever Defendant fails to pay the earned wages due to unsigned, misplaced or lost worksheets it violates §32-1302 and when Defendant discharges an employee, the Defendant does not, as required by §32-1303, pay the plaintiffs' wages not later than the working day following such discharge.

31. Whenever a Plaintiff employee resigns, the Defendant does not, as required by §32-1303, pay the plaintiffs' wages upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier.

32. Under the provisions of the DC Code there is money due and owing from Defendant to plaintiffs an additional amount as liquidated damages as defined in the Code and also the costs of the action, their costs or fees of any nature and also attorneys fees are to be paid by Defendant.

33. The actions of Defendant in failing to promptly pay wages as required under the DC Code, Chapter 13 "Payment and Collection of Wages", §32-1301, et seq. to plaintiffs and others similarly situated are willful and without legal justification.

34. The actions of the Defendant in failing to promptly pay wages for work performed by Plaintiffs, and others similarly situated, has continued and is continuing to this date.

## DAMAGES

35. Plaintiffs have suffered and will continue to suffer damage directly as a result of Defendant One Stop's's failure to pay overtime in violation of the FLSA and the DC Code for the work performed by plaintiffs; One Stop's failure to pay any wages or any compensation whatsoever as required by the DC Code for the work performed but not signed for on a worksheet; and also for Defendant's failure to promptly pay wages under the DC Code.

**WHEREFORE**, for the reasons stated in this complaint, plaintiffs respectfully request this Court enter a judgment against Defendant One Stop and/or provide injunctive relief to order One Stop to comply with the law for: (1) its failure to pay overtime for plaintiffs' work past 40 hours in a workweek, plus an equal amount for liquidated damages, and costs and fees under the provisions of the FLSA and the DC Code that this Court also award a reasonable attorneys fee to be paid by defendant as provided for in the FLSA and the DC Code; (2) its failure to pay any compensation whatsoever for plaintiffs' who simply fail to sign a worksheet despite One Stop's knowledge of their time worked, plus an equal amount for liquidated damages, and costs and fees

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
ILVER SPRING, MD 20910

(301) 608-3000

under the provisions of the DC Code that this Court also award a reasonable attorneys fee to be paid by defendant as provided for in the DC Code; and (3) damages under the DC Code incurred by plaintiffs for Defendant's failing to promptly pay plaintiffs' wages as required under the DC Code and for liquidated damages as defined therein and for all costs and fees of the action, including attorneys fees as so stated therein; and all other proper relief, including pre- and post-judgment interest at the legal rate, and costs of this action.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES OF ACTION**

*/s/ John F. Kennedy*
John F. Kennedy, Esq. D.C. Bar 413509
Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000

*/s/ William F. Farley*
William F. Farley, Esq. DC Bar 466280
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(202) 558-6768
Attorneys for Plaintiffs

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
LVER SPRING, MD 20910

(301) 608-3000

7

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
LVER SPRING, MD 20910

(301) 608-3000

7